# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR HIGAREDA-SEGURA,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 1:12-CR-00197-LJO<br><br>**ORDER DEEMING PETITIONER'S DECEMBER 24, 2014 FILING TO BE MOTION TO WITHDRAW GUILTY PLEA, DENYING DEEMED MOTION, AND DIRECTING PETITIONER TO ADVISE THE COURT WHETHER PETITIONER CONSENTS TO RECHARACTERIZATION OF HIS MOTION AS A MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**<br>(Doc. 20) |

On December 24, 2014, Salvador Higareda-Segura ("Petitioner"), proceeding pro se, filed a motion entitled "Motion to Reopen and Withdraw Guilty Plea" with the Court. Petitioner asked that the Court "re-open [his] case and allow Petitioner to withdraw [his] guilty plea that petitioner was mislead to enter on March 6, 2013[and] April 15, 2013. [sic]." Doc. 20 at 1.

## I.  HISTORY

On March 28, 2008, in the Superior Court of California, County of Madera, Petitioner was convicted of felony stalking in violation of California Penal Code § 646.9 (a) and sentenced to two years imprisonment. Doc. 17 at 11. As Petitioner is not a citizen of the United States, his conviction led to his removal from the United Sates on February 7, 2011. On May 8, 2012, Petitioner was found in the Eastern District of California. *Id*.

On April 15, 2013, Petitioner pled guilty to violating 8 U.S.C. § 1326 (a), being a deported alien found in the United States. Doc. 19 at 2. As part of his plea agreement, Petitioner

> Knowingly and voluntarily waive[d] his Constitutional, statutory and legal rights to appeal his plea, conviction and sentence. This waiver of appeal includes, but is not limited to, an express waiver of the [Petitioner's] right to appeal his plea, conviction and sentence on any ground, including any venue statute of limitations, and mental competency issues, and any appeal right conferred by 18 U.S.C. §3742. The [Petitioner] further agrees not to contest his plea, conviction and sentence in any post-conviction proceeding, including but not limited to a proceeding under 28 U.S.C. §§2255 or 2241 or otherwise.

Doc. 17 at 3. He was sentenced to 18 months imprisonment. *Id*. Petitioner did not file a Notice of Appeal. Petitioner's conviction was finalized when he failed to file his Notice of Appeal within 14 days of entry of judgment. *See* Rule 4(b)(1).

## II.   DISCUSSION

Generally, a federal prisoner who seeks to challenge the legality of his conviction and sentence must rely on a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. *Marrero v. Ives*, 682 F. 3d 1190, 1192 (9th Cir. 2012). The aim of Petitioner's motion is to challenge the legality of his conviction and sentence. As pro se complaints and motions from prisoners are to be construed liberally, the Court may recharacterize Petitioner's motion as a motion for relief pursuant to Section 2255. *United States v. Seesing*, 234 F. 3d 456, 462 (9th Cir. 2000). "The rule of liberal construction and its application to 28 U.S.C. § 2255 motion is for the benefit of the pro se prisoner; its rationale loses validity where it is invoked to the prisoner's disadvantage." *Id*. at 463. To prevent motions being invoked to the harm of a petitioner the Ninth Circuit held:

> A district court should not so recharacterize the motion unless: (a) the pro se prisoner, with knowledge of the potential adverse consequences of such a recharacterization, consents or (b) the district court finds that because of the relief sought that the motion should be recharacterized as a 28 U.S.C. § 2255 motion and offers the pro se prisoner the opportunity, after informing the prisoner of the consequences of recharacterization, to withdraw the motion. Under either scenario, the pro se prisoner has the option to withdraw the motion and file on all-inclusive 28 U.S.C. § 2255 motion within the one-year statutory period.

*Id*. at 464.

The Court advises Petitioner that a 28 U.S.C. § 2255 motion has a one year statute of limitations period. This limitation period runs from the latest of:

(1) The date on which the judgment of conviction becomes final;
(2) The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) The date on which the right asserted was initially recognized by the Supreme Court, if that right has newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Because Petitioner's conviction and sentence became final on April 29, 2013, Petitioner must demonstrate that the one year limitations period on the claims for relief asserted in a recharacterized 28 U.S.C. § 2255 has not run. Alternatively, Petitioner may demonstrate by specific facts that he is entitled to equitable tolling of the one-year limitations period. The Ninth Circuit has held that a § 2255 petitioner is "entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *United States v. Buckles*, 647 F. 3d 883, 889 (9th Cir. 2011) (citations and quotation marks omitted). In addition, Petitioner is advised that the failure to assert all claims for relief in a recharcterized § 2255 motion will result in the later preclusion of such claims in a second or successive § 2255 motions.

### III.   CONCLUSION AND ORDER

Petitioner is ordered to file a pleading with the Court within 30 days of the filing date of this Order advising whether or not he consents to the recharacterization of his pleading as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 or whether he elects to withdraw his pleading. If Petitioner elects to consent to the characterization of his motion as a motion for relief pursuant to Section 2255, Petitioner must file within 30 days of the filing date of this Order an amended motion setting forth the grounds for relief under § 2255, the specific facts upon which Petitioner relies in asserting that the motion is timely filed within the one-year limitation period applicable to § 2255

motion or the facts upon which he relies in asserting that he is entitled to equitable tolling of the one-year limitations period. **The Clerk of Court is directed to attach to the hard copy of this order to be served upon Petitioner a blank copy of AO 243[1] for Petitioner's reference.** If the Petitioner fails to timely comply with this Order, the Court will deem that Petitioner does not consent to the recharacterization of the instant motion.

IT IS SO ORDERED.

    Dated:   **January 7, 2015**          /s/ Lawrence J. O'Neill
                                                                 UNITED STATES DISTRICT JUDGE

---

[1] Available at: http://www.uscourts.gov/uscourts/FormsAndFees/Forms/AO243.pdf