# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR HIGAREDA-SEGURA,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 1:12-CR-00197 LJO<br><br>ORDER DENYING MOTION TO WITHDRAW GUILTY PLEA (DOCS. 20 & 21), MOTION TO SUPPLEMENT AND CORRECT PRESENTENCE REPORT (DOC. 24), AND REQUEST FOR TEMPORARY RESTRAINING ORDER (DOC. 25); AND DIRECTING CLERK OF COURT TO CLOSE CASE. |

On December 24, 2014, Salvador Higareda-Segura ("Petitioner"), proceeding pro se, filed a motion entitled "Motion to Reopen and Withdraw Guilty Plea." Docs. 20 & 21. In the opening paragraph of the motion, Petitioner asked that the Court "re-open [his] case and allow Petitioner to withdraw [his] guilty plea that petitioner was mislead to enter on March 6, 2013 [and] April 15, 2013. [sic]." Docs. 20 and 21 at 1.

In general, this Court lacks jurisdiction to permit a defendant to withdraw his guilty plea after sentencing. Fed. R. Crim. P. 11(e) ("After the court imposes sentence, the defendant may not withdraw a plea of guilty or nolo contendere, and the plea may be set aside only on direct appeal or collateral attack."). However, in this case, the Court found that the substance of Petitioner's motion could be construed as challenge to the lawfulness of his conviction and/or sentence. *See generally* Docs. 20 & 21. Following established Ninth Circuit procedure, the Court informed Petitioner that his motion could be recharacterized as a motion for relief pursuant to 28 U.S.C. § 2255 ("Section 2255"), notified Petitioner of the potential adverse consequences of such a recharacterization, and offered Petitioner an opportunity to proceed with the motion as one brought under Section 2255 or withdraw his motion. Doc. 22.

On December 29, 2014, Petitioner filed a document in which he "challenged" the characterization of his motion as one brought under Section 2255 and clearly indicated that he "does not consent" to such recharacterization. Doc. 23 at 1. This leaves the Court no choice but to deny his motion to withdraw in its entirety, as the only plausible basis for this Court's jurisdiction is Section 2255. Accordingly, Petitioner's request to withdraw his guilty plea is DENIED.

Likewise, this Court lacks jurisdiction over Petitioner's separate request to supplement and correct his presentence investigation report. *See United States v. Catabran*, 884 F.2d 1288, 1289 (9th Cir. 1988) (per curiam) (defendant can challenge factual inaccuracies in presentence report prior to imposition of sentence, but district court lacks jurisdiction to hear such challenges once sentence imposed). Again, the only potentially plausible basis for such jurisdiction is Section 2255, which Petitioner refuses to invoke.

Petitioner's recently filed request for a temporary restraining order, Doc. 25, is also DENIED, as that request offers no independent basis for this Court's jurisdiction.

The Clerk of Court is directed to terminate all pending motions in and CLOSE THIS CASE.

IT IS SO ORDERED.

Dated:   **February 25, 2015**              **/s/ Lawrence J. O'Neill**
                                             UNITED STATES DISTRICT JUDGE